FILED
 2016 Apr-06  PM 12:51
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DESMOND CHAD PRUITT,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No.:  2:16-CV-8020-VEH** |
| ) | **(2:11-CR-80-VEH-HGD-1)** |
| **UNITED STATES OF** ) | |
| **AMERICA,** ) | |
| ) | |
|     **Respondent.** ) | |

## MEMORANDUM OPINION

This cause is before the court on Defendant Desmond Chad Pruitt's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-35). The motion was filed on April 4, 2016. (*Id*.) It is Pruitt's first motion under section 2255.

### BACKGROUND

On April 26, 2011, Pruitt pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. cv-1; cr-docket entry dated 4/21/2011). On July 19, 2011, the district court (Hancock, J.) imposed sentence. (Cr-docket entry dated 7/19/2011). Judgment was entered by the district court that same date.

1

(Doc. cr-19). Pruitt was sentenced to a term of 72 months imprisonment. (*Id*.). Pruitt appealed. (Doc. cr-20). The United States Court of Appeals for the Eleventh Circuit affirmed. The Eleventh Circuit entered judgment on October 18, 2012 (Doc. cr-32). On April 5, 2016, the criminal case was reassigned to the undersigned. (Cr-docket entry dated April 5, 2016).

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.[1] *See* 28 U.S.C. § 2255.

## I. The Motion Is Timely

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a Section 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant

---

[1] Accordingly, the court **DENIES** Pruitt's Motion To Appoint Counsel (Doc. cv-2; cr-34).

from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. "For the purpose of starting the clock on Section 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Pruitt's judgment of conviction became final on December 13, 2012, when the time for filing a petition for certiorari contesting the appellate court's affirmation of the conviction expired.[2] Pruitt had until December 13, 2013, to file a timely Section 2255 motion to vacate.

However, Pruitt's petition asserts that his sentence is due to be vacated under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). He thus implicitly

---

[2] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate.

argues that his motion is timely under Section 2255(f)(3).[3,4] *Johnson* was issued on June 26, 2015. Thus, under paragraph (f)(3) of Section 2255, the date by which he must present his 2255 petition asserting *Johnson* is June 26, 2016. Pruitt's motion clearly was timely filed.[5]

---

[3] Pruitt is proceeding pro se. Accordingly, this court has construed his pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

[4] 28 U.S.C. § 2255 reads in part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[5] June 26, 2016 is a Sunday, therefore the time period is extended to the next business day, June 27, 2016. In any event, under the "prison mailbox rule," Pruitt is deemed to have filed his motion on March 23, 2016, the date it was signed. "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 241, 190 L. Ed. 2d 181 (2014) (citing *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities

## II. **The Motion Fails on the Merits**

Pruitt alleges that his sentence was "enhanced due to prior's." However, a review of the record conclusively shows that he is incorrect. While Judge Hancock, in imposing a sentence of 72 months — which was higher than the guidelines suggested range of 37 to 46 months — expressly took into consideration Pruitt's significant prior criminal history,[6] such a sentencing variance is not impacted by *Johnson*. Rather, *Johnson* held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.[7] Pruitt's sentence was not enhanced under the Armed Career Criminal Act, which requires a statutory mandatory minimum sentence of fifteen years.[8] *Johnson* has no impact on Pruitt's

---

on the date that he signed it." *Id*.

[6] In affirming Pruitt's sentence on direct appeal, the Eleventh Circuit found that "the district court explained its decision to apply an upward variance, citing its reliance on several of the § 3553(a) factors, including the history and characteristics of the defendant, the nature and circumstances of the offense, the nature and extent of Pruitt's criminal history, and the need to protect the public from further crimes because Pruitt posed a significant danger to society." *United States v. Pruitt*, 489 F. App'x 419, 420 (11th Cir. 2012) (unpublished).

[7] The undersigned is aware that the Eleventh Circuit, in binding authority, has held that *Johnson* "appl[ies] retroactively in the first post-conviction context." *Mays v. United States*, No. 14-13477, 2016 WL 1211420, at *1 (11th Cir. March 29, 2016) (published).

[8] 18 U.S.C.A. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen

sentence.

### III. Conclusion

Accordingly, the Motion is due to be **DENIED** and this case will be **DISMISSED WITH PREJUDICE**. Additionally, the court finds that Pruitt is not entitled to a certificate of appealability.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Pruitt has not made the requisite showing in these circumstances.

---

years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Finally, because Pruitt is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 6th day of April, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge