IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DESMOND CHAD PRUITT,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| v. ) | **Case No.: 2:16-CV-8020-VEH** |
| ) | **(2:11-CR-80-VEH-HGD-1)** |
| **UNITED STATES OF** ) | |
| **AMERICA,** ) | |
| ) | |
|     **Respondent.** ) | |

## MEMORANDUM OPINION

This cause is before the court on Defendant Desmond Chad Pruitt's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-35, as amplified in Doc. cv-5) and the Government's response (Doc. cv-13). The motion (Doc. cv-1) was filed on April 5, 2016. It is Pruitt's first motion under section 2255. For the reasons set out below, the motion is **DENIED**.

### BACKGROUND

On April 26, 2011, Pruitt pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. cv-1; cr-docket entry dated 4/26/2011). On July 19, 2011, the district court (Hancock, J.) imposed sentence. (Cr-docket

1

entry dated 7/19/2011). Judgment was entered by the district court that same date. (Doc. cr-19). Pruitt was sentenced to a term of 72 months imprisonment. (*Id*.). Pruitt appealed. (Doc. cr-20). The United States Court of Appeals for the Eleventh Circuit affirmed. The Eleventh Circuit entered judgment on October 18, 2012 (Doc. cr-32). On April 5, 2016, the criminal case was reassigned to the undersigned. (Cr-docket entry dated April 5, 2016).

## DISCUSSION

### I. All Claims Not Based on *Johnson* Are Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a Section 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. "For the purpose of starting the clock on Section 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Pruitt's judgment of conviction became final on December 13, 2012, when the time for filing a petition for certiorari contesting the appellate court's affirmation of the conviction expired.[1] Pruitt had until December 13, 2013, to file a timely Section 2255 motion to vacate.

However, Pruitt's petition asserts that his sentence is due to be vacated under *Johnson v. United States*, 576 U.S. \_\_, 135 S. Ct. 2551 (2015). He thus implicitly argues that his motion is timely under Section 2255(f)(3).[2,3] *Johnson* was issued on

---

[1] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate.

[2] Pruitt is proceeding pro se. Accordingly, this court has construed his pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

[3] 28 U.S.C. § 2255 reads in part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

June 26, 2015. Thus, under paragraph (f)(3) of Section 2255, the date by which he must present his 2255 petition asserting *Johnson* is June 26, 2016. Pruitt's motion was filed on April 4, 2016. Thus, any claim asserted by Pruitt under *Johnson* is timely.[4] However, his other challenges are not.[5]

---

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] June 26, 2016 is a Sunday, therefore the time period is extended to the next business day, June 27, 2016. In any event, under the "prison mailbox rule," Pruitt is deemed to have filed his motion on March 23, 2016, the date it was signed. "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 241, 190 L. Ed. 2d 181 (2014) (citing *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id*.

[5] The Government argues that although "a claim based on *Johnson* would be timely under § 2253(f)(3)" (Doc. 13 at 4), Pruitt's *Johnson* claim is not timely because "he fails to show how it [*Johnson*] has any impact or even potential relevancy with regard to the judgment against him." (*Id*.). This circular argument makes no sense, because this Court must undertake a merits examination of Pruitt's *Johnson*-invoking claim in order to determine that such a claim fails. And this Circuit's law is clear: in "a multiple-trigger-date case," the statute of limitations in AEDPA applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 925-26 (11th Cir.2013) (en

## II. Pruitt's *Johnson* Claim Fails on the Merits

### A. USSG § 4B1.2 does not violate the Due Process Clause.

Pruitt "conced[]s that his sentence was not e[]hanced under the Armed Career [C]riminal Act" (Doc. cv-5 at 2), but alleges that his sentence was improperly

> enhanced under [§] 2K2.1(a)(4) of the United States [Sentencing] [G]uidelines[,] [w]hich moved [Pruitt's] base [offense] level from 18 to 20. [T]his increase was brought about by prior convictions considered to be violent, the qualification for those crimes was brought about under the residual clause of the Guidelines contained in § 4[B]1.2 which was referenced by § 2[K]2.1 for the definition of a crime of violence.

(*Id*.).

He then explains that he is arguing that, because the residual clause of U.S.S.G. § 4B1.2 contains the same exact language as the residual clause of the Armed Career Criminal Act ("ACCA"), and because the Supreme Court, in *Johnson*, decided that the residual clause of the ACCA was unconstitutional, the residual clause of U.S.S.G. § 4B1.2 is "equally unconstitutional." (*Id*.).

This argument was expressly rejected by the United States Supreme Court on March 6, 2017, in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017). In

---

banc) (holding that a state prisoner cannot resurrect § 2254 claims that are untimely with respect to the date when his state judgment became final by piggybacking them on a new claim that is timely with respect to another trigger, such as a newly recognized, retroactively applicable constitutional right), *cert. denied sub nom Zack v. Crews*, 134 S. Ct. 156, 187 L. Ed. 2d 109 (2013).

*Beckles*, the Supreme Court explained that the residual clause in *Johnson* violated the Due Process Clause under

> "the void-for-vagueness doctrine [which] requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." For the latter, the Court has explained that "statutes fixing sentences[]" must specify the range of available sentences with "sufficient clarity[.]"
>
> In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants.
>
> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. *The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.*

*Beckles v. United States*, 137 S.Ct. 886 (emphasis supplied)(internal citations and parentheticals omitted).

As *Beckles* makes abundantly clear, *Johnson* has no impact on Pruitt's sentence.

### B. Pruitt's triggering prior conviction was for a serious drug offense.

Additionally, Pruitt's base offense level was set at 20 because of his one prior

6

conviction for a serious drug offense. The Presentence Report ("PSR") stated, in relevant part:

> 14. Base Offense Level: The guideline for this violation of 18 U.S.C. § 922(g) is found at U.S.S.G. § 2K2.1(a)(4)(A), which requires a base offense level of 20 if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. As noted below, the defendant was convicted of a youthful offender offense for Unlawful Sale of Cocaine, a controlled substance offense. As a result, the base offense level is 20. It is noted that, pursuant to § 2K2.1, comment. (n.1), "controlled substance offense" has the meaning given at § 4B1.2(b).               20

Despite Pruitt's argument to the contrary, there simply was no reference to any "crime of violence" in setting Pruitt's base offense level. Further, *Johnson* did not call into question, much less find unconstitutional, the definition of "controlled substance offense." And, to the extent that Pruitt may be trying to argue that this Court should extend the *Johnson* holding to 4B1.2(b)'s definition of "controlled substance offense," *Beckles* forecloses that argument.

### III. Conclusion

Accordingly, the Motion is due to be **DENIED** and this case will be **DISMISSED WITH PREJUDICE**. Additionally, the court finds that Pruitt is not entitled to a certificate of appealability.[6]

---

[6] Pruitt's motion to appoint counsel (Doc. cv-6) is also due to be **DENIED**.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Pruitt has not made the requisite showing in these circumstances.

Finally, because Pruitt is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 29th day of March, 2017.

                                                      *[signature]*
                                                    **VIRGINIA EMERSON HOPKINS**
                                                    United States District Judge